UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARILYN REEDER,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS OFFICER LINDA
MANNING,

    Defendant.
_____/

Case No. 07-10273

Honorable Patrick J. Duggan

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 21, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On January 17, 2007, Marilyn Reeder ("Plaintiff") filed this lawsuit after she was assaulted on April 29, 2006 by parolee Lovotny Shannon ("Shannon"). Plaintiff alleges that Linda Manni[1] ("Defendant"), a Michigan Department of Corrections Officer, violated her constitutional rights and state law by failing to prevent Shannon's assault. Presently before this Court is Defendant's motion to dismiss. The Court held a hearing on

---

[1] Although Defendant's last name is listed as Manning in the caption of the Complaint, the parties agree that Defendant's last name is actually Manni.

Defendant's motion on May 17, 2007.

I. **Background**

On April 29, 2006, Plaintiff "suffered severe head and eye injuries" after being "assaulted and beaten" by Shannon. (Compl. ¶ 7). Plaintiff claims that prior to the assault she contacted Defendant "numerous times, in an attempt to have [] Shannon arrested for violating his parole due to his drinking and driving and violent behavior and threats against Plaintiff." (*Id.* ¶ 8). According to Plaintiff, Defendant "simply ignored [her] pleas" and instructed her to "get marriage counseling." (*Id.* ¶ 9).

II. **Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In deciding such a motion, "a district court must accept as true all allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff." *Kottmyer v. Mass*, 436 F.3d 684, 688 (6th Cir. 2006). While liberal, this standard of review requires "more than the bare assertion of legal conclusions," *Columbia Natural Res. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), and the district court need not accept as true "unwarranted factual inferences." *Kottmyer*, 436 F.3d 688. Ultimately, a court should not grant a 12(b)(6) motion unless the movant shows "beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

III. **Applicable Law and Analysis**

   A. **Whether Plaintiff Has Failed to State a § 1983 Claim**

Count I of Plaintiff's complaint is brought pursuant to 42 U.S.C. section 1983,

which "provides a federal cause of action for civil damages against an individual acting under color of state law who deprives another of 'rights, privileges, or immunities secured by the Constitution and laws.'" *Jones v. Reynolds*, 438 F.3d 685, 689 (6th Cir. 2006)(quoting 42 U.S.C. § 1983). Plaintiff's complaint appears to allege deprivations of her Fourth and Fourteenth Amendment rights.

The Fourth Amendment guarantees that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated . . . ." U.S. CONST. amend. IV. As Defendant contends, Plaintiff's complaint does not allege that Defendant searched or seized Plaintiff. Thus, Plaintiff has failed to state a claim for deprivation of her Fourth Amendment rights.

Plaintiff's complaint can also be read to allege a violation of the Fourteenth Amendment Due Process Clause, which protects persons against State deprivations "of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. Generally, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago Co. Dept. of Soc. Servs.*, 489 U.S. 189, 197, 109 S. Ct. 998, 1004 (1989). The Sixth Circuit, however, has recognized an exception to this general rule for what is known as a "state-created danger" claim.

"Liability under the state-created danger theory is predicated upon affirmative acts by the state which either create or increase the risk that an individual will be exposed to private acts of violence." *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998)(citations omitted). To state a viable "state-created danger" claim, a plaintiff must

3

allege: "'(1) an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party; (2) a special danger to the plaintiff wherein the state's actions placed the plaintiff specifically at risk, as distinguished from a risk that affects the public at large; and (3) the state knew or should have known that its actions specifically endangered the plaintiff.'" *Jones*, 438 F.3d at 690 (quoting *Cartwright v. City of Marine City*, 336 F.3d 487, 493 (6th Cir. 2003)).

Defendant argues that, assuming Plaintiff has alleged the second and third elements of a "state-created danger" claim, Plaintiff has failed to allege facts sufficient to support the first element, "an affirmative act by the state which either created or increased the risk that plaintiff would be exposed to an act of violence by a third party." *Id.* In response, Plaintiff contends that the affirmative act was Shannon's "release from prison to the address which Plaintiff resides." (Resp. at 9). In addition, Plaintiff argues that "[t]he fact that Plaintiff may or may not have consented to [Shannon's] release to her address does not have any bearing on Defendant's liability . . . ." (*Id.*).

The Sixth Circuit has stated that "a 'failure to act is not an affirmative act under the state-created danger theory . . . .'" *Jones*, 438 F.3d at 691 (quoting *Cartwright*, 336 F.3d at 493). Furthermore, "[w]hether the conduct of government officials in some cases should be treated as a failure to act or as action 'may be a difficult question in the abstract,' but [the Sixth Circuit has] always treated governmental conduct as 'fall[ing] on the inaction side of the line,' when it does not create or increase the risk of peril posed by the private actor." *Jones*, 438 F.3d at 692 (quoting *Bukowski v. City of Akron*, 326 F.3d 702, 709 (6th Cir. 2003) and *May v. Franklin Co. Comm'rs*, 437 F.3d 579, 585 (6th Cir.

4

2006)).

Plaintiff alleges that she called Defendant "numerous times" in an attempt to have Shannon arrested for violating the conditions of his parole. (Compl. ¶ 8). According to Plaintiff, Defendant "simply ignored Plaintiff's pleas," which "substantially increased the risk of violence." (*Id.* ¶¶ 10-11). These factual allegations amount to nothing more than a failure to act. Furthermore, Plaintiff has failed to allege that Defendant did anything to increase Plaintiff's risk of peril. Although Plaintiff argues that the affirmative act was "Shannon's release from prison," (Resp. at 9), Plaintiff does not allege that Defendant was responsible for Shannon's release. Moreover, contrary to Plaintiff's argument that her consent for Shannon's release to her address has no bearing on Defendant's liability, it is clear that "[w]hen a victim bears some responsibility for the risks she has incurred, it is even more difficult to say that the 'state' has 'created' the 'danger' to her by its affirmative acts." *Jones*, 438 F.3d at 694.

Therefore, Plaintiff's factual allegations are insufficient to support the first element of a state-created danger claim. Because "the complaint must contain 'either direct or inferential allegations respecting all the material elements'" of a claim, *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003), Count I of Plaintiff's complaint will be dismissed.

**B.  Whether Defendant is Entitled to Qualified Immunity**

Defendant contends that even if Plaintiff has properly alleged a constitutional violation, she is entitled to qualified immunity because her acts did not violate "clearly established statutory or constitutional rights." Plaintiff argues that the Sixth Circuit in *Kallstrom* recognized the state-created danger theory, and thus, at the time the alleged

5

constitutional violation occurred, Plaintiff's rights were clearly established.

Assuming *arguendo* that Plaintiff has properly alleged a deprivation of a constitutional right, the Court must then determine "whether the violation involved a clearly established constitutional right of which a reasonable person would have known." *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003). "This inquiry . . . must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001). Furthermore, in determining whether a constitutional right is clearly established, the Court "must look first to decisions of the Supreme Court, then to decisions of [the Sixth Circuit] and other courts within [the Sixth Circuit], and finally to decisions of other circuits." *Higgason v. Stephens*, 288 F.3d 868, 876 (6th Cir. 2002).

This Court does not believe that at the time of the alleged constitutional violation, April 29, 2006, it was clearly established that a parole officer failing to act after receiving phone calls about a potentially violent parolee could be held liable under the "state-created danger" theory. Plaintiff's citation to *Kallstrom* is unpersuasive. *Kallstrom* involved three undercover police officers who sued the City of Columbus for releasing their personnel files, which contained sensitive personal information, to criminal defense attorneys representing members of a gang that demonstrated a propensity of violence. *Kallstrom*, 136 F.3d at 1067. The facts in *Kallstrom* are much different from those involved here. Consequently, even if Plaintiff properly alleged a "state-created danger" claim for Defendant's failure to prevent Shannon's assault, such a right was not clearly established at the time of the alleged constitutional violation.

### C. Whether Plaintiff has Failed to State a Gross Negligence Claim

Defendant also argues that Plaintiff has failed to state a claim for gross negligence. Defendant contends that even if her alleged acts could support a finding that she was grossly negligent, they do not support a finding that she was the proximate cause of Plaintiff's injuries. Plaintiff contends that Shannon's release from prison created the risk of her being assaulted and the fact that Defendant ignored her reports was the proximate cause of her injuries.

"Michigan's governmental tort liability act provides governmental employees with immunity from tort liability for injuries they cause during the course of their employment so long as the employee's conduct 'does not amount to gross negligence[2] that is the proximate cause of the injury or damage.'" *Livermore v. Lubelan*, 476 F.3d 397, 408 (6th Cir. 2007)(quoting MICH. COMP. LAWS § 691.1407(2)(c)). The Michigan Supreme Court has defined "the proximate cause," as "the one most immediate, efficient, and direct cause preceding an injury . . . ." *Robinson v. City of Detroit*, 462 Mich. 439, 459, 613 N.W. 2d 307, 317 (2000)(interpreting MICH. COMP. LAWS § 691.1407(2)).

Assuming all of Plaintiff's allegations are true, it is clear that the "one most immediate . . . and direct cause," *id.*, of Plaintiff's injuries was Shannon's assault. Thus, Plaintiff has failed to state a claim for gross negligence.

Accordingly,

---

[2] "Gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MICH. COMP. LAWS § 691.1407(7)(a).

**IT IS ORDERED**, that Defendant's motion to dismiss is **GRANTED**.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:
Daniel G. Romano, Esq.
Kevin Himebaugh, Esq.